NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOMINGO HERNANDEZ,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Respondent. | Civil Action No. 11-5739 (SDW)(MCA)<br><br>**OPINION**<br><br>August 10, 2012 |

**WIGENTON**, District Judge.

Before the Court is Petitioner Domingo Hernandez's ("Petitioner" or "Hernandez") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Motion"). This Motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, this Court **DENIES** Petitioner's Motion and **DECLINES** to issue a certificate of appealability.

**FACTUAL AND PROCEDURAL HISTORY**

On March 29, 2007, a federal grand jury sitting in Newark, New Jersey, returned an eight-count Second Superseding Indictment ("Indictment") against Petitioner and his six co-conspirators, Ruben Soto, Arsenio Arzola ("Arzola"), Benjamin Arzola, Misael Arzola, and Maximo Nieves ("Nieves"). (Resp't's Br. ¶ 2 & n.1.) The Indictment charged Petitioner with conspiracy to distribute more than five kilograms of cocaine, contrary to 21 U.S.C. §§ 841(a), 841(b)(1)(A)(ii) and 846 (Count One), and with being a

felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Eight). (Resp't's Br. ¶ 2 at 2.)

On June 26, 2006, the Government made its first plea offer[1] to Hernandez. (Resp't's Br. Ex. C.)  A guilty plea hearing was scheduled for September 8, 2006. (Resp't's Br. 7.)  However, on the date of the hearing, Petitioner, while represented by counsel, refused to allocute against his co-defendants and refused to continue with the plea hearing.  (Id.)  Subsequently, on September 27, 2006, the Government provided Petitioner with another opportunity to accept the plea offer provided he allocated against Nieves.  (Id. at 8.)  Hernandez, once again, rejected the plea offer.  (Id. at 9.)

On March 14, 2007, the Government presented Petitioner with a second plea offer.[2]  (Id. ¶ 10; Pet'r's Br. App. A5-A7; Resp't's Br. Ex. G.)  This plea offer was conditioned on all of Hernandez's co-defendants pleading guilty to Count One of the Indictment as well Arzola pleading guilty to Count Six of the Indictment.  (Hernandez Aff. ¶ 11; Pet'r's Br. App. A5-A7; Resp't's Br. Ex. G.)  Hernandez maintains that he tried unsuccessfully to persuade his co-defendants to accept the plea offer.  (Hernandez Aff. ¶¶ 12-17.)

Subsequently, on September 10, 2007, during jury selection, the Government made a third plea offer[3] to Petitioner and his co-defendant Nieves.  (Id. ¶ 24; Resp't's Br. Ex. H.)  This plea offer was conditioned on Petitioner pleading guilty to Counts One and Eight of the Indictment as well as Nieves accepting the plea.  (Resp't's Br. Ex. H at 1;

---

[1] The statutory minimum prison sentence for this plea offer was five (5) years.  (Resp't's Br. Ex. C at 2.)
[2] This plea offer would have exposed Hernandez to a term of incarceration of no less than five (5) years. (Resp't's Br. 10 n.9; Resp't's Br. Ex. G at 2.)
[3] This plea offer would have exposed Petitioner to a statutory mandatory minimum prison sentence of ten (10) years for Count One, and a statutory maximum prison sentence of ten (10) years for Count Eight. (Resp't's Br. Ex. H at 2.)

Resp't's Br. 11.)  Maria Delgaizo Noto ("Noto") was Petitioner's attorney at the time of this plea offer.  (Hernandez Aff. ¶ 19.)  Hernandez claims that he could not persuade Nieves to accept the plea.  (Hernandez Aff. ¶¶ 26-27.)  Therefore, the plea was not consummated.

On October 26, 2007, a jury convicted Hernandez of Counts One and Eight. (Resp't's Br. ¶ 3 at 2.)  On October 1, 2008, this Court sentenced Petitioner to 240 months in prison and five years of supervised release for Count One and 120 months in prison and three years supervised release for Count Eight.  (Id. ¶ 3 at 2.)  These sentences are concurrent to each other.

Petitioner appealed his conviction and sentence, which the Third Circuit affirmed on January 14, 2010.  United States v. Arzola, 360 F. App'x 287 (3d Cir. 2010).  The Supreme Court of the United States denied Hernandez's writ of certiorari on October 4, 2010.  Hernandez v. United States, 131 S.Ct. 171 (2010).  On October 3, 2011, Hernandez commenced this action.  (Docket Entry No. 1.)

Petitioner asserts that he was "denied the due process afforded criminal defendants in a criminal trial" because he was "not treated equally and given the opportunity to accept a guilty plea, as that of others." (Pet'r's Br. 2.)  Furthermore, Hernandez contends that he was "denied effective assistance of counsel during a critical stage of the proceeding, when his counsel failed to vigorously seek a plea offer."  (Id.) Petitioner also repeats the arguments he made before the Third Circuit in Arzola, 360 F. App'x at 287.  These include his assertion that: (1) he was "improperly subjected to the enhanced penalty" under 21 U.S.C. § 851(a); (2) he was "unconstitutionally, and/or improperly convicted" under 18 U.S.C. § 922(g); and (3) "the United States Sentencing

3

Guidelines enhancements for drug quantity and Gun [sic] was [sic] not proven beyond a reasonable doubt." (Id.)

## LEGAL STANDARD

A prisoner in federal custody under sentence of a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" upon three grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" or (3) "that the sentence was in excess of the maximum authorized by law." § 2255(a).

A district court, in considering a petition under § 2255, must "accept the truth of the [petitioner's] factual allegations unless they are clearly frivolous on the basis of the existing record." United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005) (internal quotation marks and citation omitted). The prisoner is entitled to a prompt hearing on this motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." § 2255(b). Furthermore, Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that "[i]f it plainly appears from the petition, any attached exhibits, and the record of prior proceedings that the [petitioner] is not entitled to relief, the judge must dismiss the" petition.

## DISCUSSION

I. Due Process

Petitioner asserts that he was denied due process because the Government's plea offers were conditioned on his co-defendants' acceptance of the pleas. Petitioner also asserts that the Government failed to offer a fourth plea bargain even though it promised

4

to do so.  (Pet'r's Br. 6-9.)  This Court concludes that Petitioner's right to due process was not violated.

The Third Circuit has observed that "[t]he prosecutor is under no duty to plea bargain - - if no offer is made, the defendant is entitled to a trial."  United States v. Gonzalez, 918 F.2d 1129, 1134 (3d Cir. 1990) (internal quotation marks and citation omitted).  Moreover, the Third Circuit has remarked that "[t]here is no question that package deal plea bargains are constitutional.  That conclusion is nearly axiomatic given the nature of our criminal justice system, of which plea bargains are an essential part."  United States v. Hodge, 412 F.3d 479, 490 (3d Cir. 2005) (internal quotation marks and citations omitted).

In Gonzalez, the Government offered the defendant a package plea bargain conditioned on the unanimous acceptance of the plea by the defendant and his two co-defendants.  918 F.2d at 1133.  One of the co-defendants refused to plead guilty.  Therefore, the government withdrew the plea bargain.  On appeal, the defendant argued that the Government violated his due process rights by conditioning the plea bargains on acceptance by all of the defendants.  Additionally, one of the co-defendants asserted that the district court erred because it did not order specific performance of the tentative plea agreement the Government had offered.  Id. at 1134.

In rejecting these arguments, the Third Circuit noted that "a plea agreement 'is contractual in nature and is to be analyzed under contract-law standards.'"  Id. at 1133 (quoting United States v. Moscahlaidis, 868 F.2d 1357, 1361 (3d Cir. 1989)).  Additionally, it pointed out that the proposed plea agreements were "subject to a condition precedent - - that all three must plead guilty in order for there to be an

5

agreement." <u>Gonzalez</u>, 918 F.2d at 1133. The court then concluded that "the district court did not err by refusing to order specific performance of the tentative agreements reached." <u>Id.</u> According to the court, "[t]he conditional nature of the proposed plea agreements [wa]s not disputed by any of the parties. Therefore . . . the agreements [c]ould not be enforced when one of the conditions to the agreement (unanimous agreement) [wa]s not met." <u>Id.</u> (citing <u>Moscahlaidis</u>, 868 F.2d at 1361. Moreover, the Third Circuit found that the Government's "requirement of unanimous acceptance" did not violate the defendant's due process rights because none of the defendants "detrimentally relied on the terms of the agreements." <u>Gonzalez</u>, 918 F.2d at 1134. Here, there is no dispute that Hernandez was unsuccessful in convincing his co-defendants to accept the Government's plea offer. (Pet'r's Br. 4-5; Hernandez Aff. ¶¶ 12-17, 22, 26-27.) Accordingly, the condition precedent to the plea bargain was not met, and Petitioner's "right to trial by jury was an adequate remedy for any impropriety that may have arisen from the [G]overnment's action." <u>Gonzalez</u>, 918 F.2d at 1134. <u>See also</u> <u>Gov't of the V.I. v. Scotland</u>, 614 F.2d 360, 365 (3d Cir. 1980) ("There is no rational basis for holding, in essence, that a trial is sufficient for the defendant who has not been offered a plea and insufficient for the one who has.").

This Court also notes that in his appeal before the Third Circuit, Petitioner argued that the Government punished him because he rejected the plea agreement it offered. (Resp't's Br. Ex. I at 53-55.) Specifically, Petitioner asserted that: (1) the Government filed "enhanced penalty information after [he] <u>rejected the government's plea offer</u>[;]" (2) he was punished for "<u>exercis[ing] his right to a trial</u>" because the prosecutor sought an enhancement right before the commencement of trial; and (3) "the prosecutor drastically

6

enhanced [his] penalty twofold when he rejected the plea agreement." (Id. at 53-54.) (emphasis added). Therefore, to the extent that Petitioner is presently arguing that he detrimentally relied on the proposed plea offer, this Court is not persuaded because he previously asserted that he rejected the plea offer.

II. Ineffective Assistance of Counsel

Petitioner asserts that Noto's performance was deficient because she "failed to vigorously seek a plea offer at the early stages of the trial." (Pet'r's Br. 2.) The Government responds that: (1) Petitioner's attorney received a plea offer during jury selection, and (2) Petitioner has no constitutional right to a plea offer. (Resp't's Br. 13.) This Court also finds that Hernandez did not prove ineffective assistance of counsel.

Section 2255 petitioners bear the burden of proving ineffective assistance of counsel. See United States v. Baynes, 622 F.2d 66, 69 (3d Cir. 1980). A defendant who claims he has been denied the right to effective assistance of counsel must prove two components:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984).

The first prong requires a petitioner to identify those acts or omissions by counsel that "were outside the wide range of professionally competent assistance." Id. at 690. A

7

court must be highly deferential when assessing counsel's performance, and "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. Further, a court must make "every effort . . . to eliminate the distorting effects of hindsight." Id. at 689. Instead, a court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690.

The second prong requires a petitioner to show a reasonable probability that, but for counsel's unprofessional mistakes, the outcome of the proceeding would have been different. Id. at 694. A reasonable probability of prejudice is one "sufficient to undermine confidence in the outcome." Id. Furthermore, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding" because "[v]irtually every act or omission of counsel would meet that test." Id. at 693.

Hernandez's allegations pertaining to this claim are ever changing. Initially, he argued that the Government failed to provide him with a plea bargain during jury selection. (Pet'r's Br. 9.) In his brief in response, however, he asserts "that counsel never showed him the plea nor explained its terms and that he wanted to plea." (Pet'r's Resp. Br. 3.) Based on this second argument, Hernandez invokes the Supreme Court's recent decisions in Lafler v. Cooper, 132 S.Ct. 1376 (2012) and Missouri v. Frye, 132 S.Ct. 1399 (2012). Hernandez's reliance on these cases is misplaced.

In Lafler, the defendant's attorney advised him to reject the plea offers. 132 S.Ct. at 1383. However, in Frye, the defendant's counsel did not advise the defendant about

the plea bargains the Government had offered.  132 S.Ct. at 1405.  Lafler is inapposite because Hernandez does not assert that Noto advised him to reject the plea offer.  Indeed, Hernandez states that Noto attempted to help him persuade his co-defendants to accept the plea offer.  (Hernandez Aff. ¶¶ 26-27.)  Moreover, despite Petitioner's subsequent assertions to the contrary, his prior statements indicate that Noto showed him the plea offer and explained its terms.  On September 10, 2007, during jury selection, the Government extended a plea offer to Petitioner.  (Pet'r's Br. 4-5; Hernandez Aff. ¶ 24; Resp't's Br. Ex. H.)  Hernandez acknowledges this plea agreement in his briefs and affidavit, and states that he could not persuade his co-defendants to accept the plea.  (Pet'r's Br. 5; Hernandez Aff. ¶¶ 26-27.)  Therefore, Petitioner was clearly aware of the plea offer and its terms, rendering Frye inapplicable.

Furthermore, to the extent Petitioner contends that his counsel did not "vigorously seek" a plea agreement, the record demonstrates the contrary.  Hernandez received three separate plea offers.  (Hernandez Aff. ¶¶ 4, 10, 24.)  Hernandez acknowledges that Noto, who was his counsel for the September 10, 2007 plea offer only, attempted to assist him in persuading his co-defendants to accept the plea offer, but was ultimately unsuccessful.  (Pet'r's Br. 5; Hernandez Aff. ¶¶ 26-27.)  Petitioner's contention that Noto later contacted the Government about another plea offer but the Government failed to provide one does not amount to ineffective assistance of counsel because "[t]he prosecutor is under no duty to plea bargain."  Gonzalez, 918 F.2d at 1134 (citation omitted).  Noto acted well within the range of professionally-competent assistance by notifying Petitioner of the plea offer, explaining its terms and assisting him to meet the conditions.  The fact

that those conditions could not be met because Petitioner's co-defendants did not accept the plea offer does not constitute ineffective assistance of counsel.

### III. Arguments Previously Made On Direct Appeal are Barred

Petitioner also contends that: (1) he was "improperly subjected to the enhanced penalty" under § 851(a); (2) he was "unconstitutionally, and/or improperly convicted" under 18 U.S.C. § 922(g); and (3)"the United States Sentencing Guidelines enhancements for drug quantity and Gun [sic] was [sic] not proven beyond a reasonable doubt." (Pet'r's Br. 2.)  The Government asserts that these claims were raised and addressed on Hernandez's direct appeal and are therefore barred.  (Resp't's Br. 14-15.)  This Court agrees.

The Third Circuit has observed that "[m]any cases have held that Section 2255 generally 'may not be employed to relitigate questions which were raised and considered on direct appeal.'"  United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (quoting Barton v. United States, 791 F.2d 265, 267 (2d Cir. 1986) (collecting cases)).

Petitioner's arguments before the Third Circuit include his assertions that: (1) "there was insufficient evidence supporting his convictions[;]" (2) "the District Court erred in concluding that he was responsible for fifty kilograms of drugs;" and (3) the District Court erred in applying § 851's enhanced penalty to him.  Arzola, 360 F. App'x at 289.  The claims Petitioner currently presents are identical to his claims on appeal.  For instance, Hernandez's first argument that he was improperly subjected to the enhanced penalty of 21 U.S.C. § 851 is discussed in Point Six of his brief to the Third Circuit.[4]  (Resp't's Br. Ex. I at 48-52.)  Similarly, his second argument that he was improperly

---

[4] "It is respectfully submitted that the enhanced penalty information, 21 U.S.C. § 851, is unconstitutional because the statute is overbroad and makes no distinction concerning the scope of the prior offense. Additionally, as it was applied in the present case, it violated Due Process . . . ." (Resp't's Br. Ex. I at 48.)

10

convicted under 18 U.S.C. 922(g) is discussed in Point Eight of his brief to the Third Circuit.[5] (Id. at 56-58.) Lastly, Petitioner's third argument that the Government did not prove the sentencing guidelines enhancements beyond a reasonable doubt is discussed in Point Three of his brief to the Third Circuit.[6] (Id. at 38-41.) Accordingly, this Court will not permit relitigation of these claims.

IV. Certificate of Appealability

For the reasons discussed above, this Court denies a certificate of appealability because Petitioner has not demonstrated a "substantial showing of the denial of a constitutional right" as required under 28 U.S.C. § 2253(c)(2). See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

**CONCLUSION**

For the reasons set forth above, this Court **DENIES** Petitioner's Motion and **DECLINES** to issue a certificate of appealability.

s/Susan D. Wigenton, U.S.D.J.

cc: Madeline Cox Arleo, U.S.M.J.

---

[5] "Count 8 of the Indictment alleged that Domingo Hernandez was a felon who possessed a firearm in or affecting commerce . . . . the Court should have granted a judgment of acquittal as to Count 8 and failure of the court to do so requires that the guilty verdict as to Count 8 be vacated. (Id. at 56-57.)

[6] "It is respectfully submitted that the District Court erred in [its] conclusion [that Petitioner should be held accountable for between 50 and 150 kilograms of cocaine] because the increased drug quantity was not based on the evidence and, additionally, not submitted to the jury to be proven beyond a reasonable doubt . . . ." (Id. at 38.)

11